JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant-mother ("appellant") appeals the judgment of the juvenile court that awarded permanent custody of her children, A.T.[1]
and Q.T., to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). For the reasons set forth below, we affirm.
 {¶ 2} On May 24, 2005, appellant gave birth to Q.T. At his birth, the child tested positive for crack cocaine. Consequently, on June 8, 2005, CCDCFS filed a complaint requesting protective supervision of appellant's children, D.T., A.T. and Q.T., alleging the children to be neglected and dependent. On October 5, 2005, the trial court adjudged the children neglected and dependent and entered an order placing them in the appellant's legal custody with protective supervision to CCDCFS.
 {¶ 3} Thereafter, appellant failed to follow the case plan, relapsed into illegal drug use, refused to participate in services, and left the children unsupervised. Accordingly, on October 30, 2006, after a request from CCDCFS, the court terminated its previous order of protective supervision and committed the children to the temporary custody of CCDCFS.
 {¶ 4} On June 27, 2007, CCDCFS filed a motion to modify temporary custody of the children to permanent custody. CCDCFS later amended the request for *Page 4 
permanent custody of D.T., the eldest child, to a request for planned permanent living arrangement ("PPLA"). The prayer remained for permanent custody of A.T. and Q.T.
 {¶ 5} On April 1, 2008, the court held a hearing on these motions. At the hearing, appellant agreed and the trial court granted the PPLA for D.T. The court then proceeded to trial regarding the motions for permanent custody of A.T. and Q.T. After a full hearing on the merits, the court awarded permanent custody of A.T. and Q.T. to CCDCFS on April 30, 2008, finding by clear and convincing evidence that the children could not be placed with the parents within a reasonable time or should not be placed with the parents, and that permanent custody was in their best interests.
 {¶ 6} Appellant now appeals the court's award of permanent custody of A.T. and Q.T. to CCDCFS and asserts two assignments of error for our review. Appellant's first assignment of error states:
 {¶ 7} "The Trial Court determination to remove the children represents an abuse of discretion, as one of the children, [A.T.] has special medical needs through disability, mother had qualified to address those needs and the County could not document that removal would result in a foster care placement with an equally qualified family."
 {¶ 8} Appellant's second assignment of error states:
 {¶ 9} "The trial court erred as its determination may rely, in part, on the assertion of the Assistant County Prosecutor that, as a matter of law, the ability of *Page 5 
the County to find suitable foster parents was not an issue before the court, which is contrary to the `best interests of the child' standard."
 {¶ 10} In the interests of convenience, we will address both of appellant's assignments of error together. Within these two assignments of error, appellant argues that the trial court erred in granting CCDCFS permanent custody of A.T. and Q.T. because CCDCFS failed to file an adoption case plan, which appellant argues, is essential in determining whether permanent custody is in the children's best interest.
 {¶ 11} As an initial matter, we note that appellant failed to raise this issue at the trial court level, and thus, has waived all but plain error on appeal. Accordingly, we review this matter under the plain error standard. In re W.C., Cuyahoga App. No. 90748, 2008-Ohio-2047. "The standard is applicable in civil cases only in the extremely rare case where the error `seriously affects the basic fairness, integrity, or public reputation of the judicial process.'" In re A.A., Cuyahoga App. No. 85002, 2005-Ohio-2618, quoting Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 122-123, 1997-Ohio-401, 679 N.E.2d 1099.
 {¶ 12} Appellant relies on the second district court's holdings inIn re R.G., Montgomery App. No. 22482, 2008-Ohio-2895, and In reT.R., Montgomery App. No.
22291, 2007-Ohio-6593, reversed by ___Ohio St.3d___, 2008-Ohio-5219, N.E.2d ___, in asserting her proposition that the trial court erred in granting CCDCFS permanent custody of the children prior to CCDCFS filing an adoption *Page 6 
case plan. The courts in In re R.G. and In re T.R. held that pursuant to R.C. 2151.413(E), an agency must file a case plan for adoption with a motion for permanent custody and not after permanent custody has been granted.
 {¶ 13} R.C. 2151.413(E) provides the following:
 {¶ 14} "Any agency that files a motion for permanent custody under this section shall include in the case plan of the child who is the subject of the motion, a specific plan of the agency's actions to seek an adoptive family for the child and to prepare the child for adoption."
 {¶ 15} In reaching its conclusion, the second district reasoned that R.C. 2151.414(A)(1) requires the trial court to determine "whether it is in the best interest of the child" prior to granting permanent custody to the agency. In re T.R., supra. An agency's plan for adoption is a matter which directly relates to the best interest of the child. Id. Therefore, it is illogical to conclude a court can decide permanency without considering the adoption case plan required by R.C. 2151.413(E). Id.
 {¶ 16} The Supreme Court of Ohio recently reversed the second district's holding in In re T.R., supra, and held that R.C. 2151.413(E) does not require an agency to file an adoption case plan before the juvenile court grants permanent custody. In re T.R.,___Ohio St.3d___, 2008-Ohio-5219,___N.E.2d___. The Supreme Court looked to the plain language of the statute and explained that while the statute clearly mandates that an agency that files for permanent custody incorporate an adoption plan in the child's case plan, the statute does not provide a *Page 7 
temporal requirement; "it does not say when such an adoption plan must be added to the existing case plan." Id. at _9-10. The Court further provided the following rationalizations:
 {¶ 17} "First, while a juvenile court reviewing a motion for permanent custody was at one time required to consider the child's probability of being adopted, former R.C. 2151.414(D), Am. Sub. S.B. No. 89, 142 Ohio Laws, Part I, 198, 240, the current statutory framework does not expressly require the court to consider this information in making a best-interest determination, R.C. 2151.414(D). Thus, allowing a children-services agency to update the case plan after the decision to grant permanent custody is issued does not prevent the juvenile court from making the requisite best-interest determination." Id. at _14.
 {¶ 18} "Second, children services agencies are required to seek adoption for children who are placed in their permanent custody, and must begin their efforts `no later than the date of the permanent custody,' which is defined as `the date of the court's filing of its order of permanent commitment of the child' to the children-services agency. See Ohio Adm. Code 5101:2-48-14(D); see also Ohio Adm. Code 101:2-48-05 (requiring children services agencies to develop and implement adoption policies). A court weighing a motion for permanent custody is therefore assured that the children-services agency will seek adoption if permanent custody is granted, even if it has not filed a specific adoption plan for that child at the time the motion is considered." Id. at _15. *Page 8 
 {¶ 19} Therefore, in this case, we find that the trial court did not err in granting permanent custody of A.T. and Q.T. to CCDCFS because R.C. 2151.413(E) does not require an agency that files a motion for permanent custody to include an adoption plan in the child's case plan before the juvenile court grants the motion. Appellant's two assignments of error are without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., AND CHRISTINE T. MCMONAGLE, J., CONCUR
[1] This court protects the identity of all parties in juvenile court cases. *Page 1