[Cite as *In re A.C.*, 2015-Ohio-3673.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102351**

# IN RE: A.C., ET AL.

# Minor Children

[Appeal By P.B., Father]

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD 13908673, AD 13908674, and AD 13908675

**BEFORE:** S. Gallagher, J., E.A. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** September 10, 2015

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
4403 St. Clair Avenue
Cleveland, OH   44103

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Anthony R. Beery
Assistant Prosecuting Attorney
Cuyahoga County Division of
   Children and Family Services
4261 Fulton Parkway
Cleveland, OH   44144

**ATTORNEY FOR CHILDREN**

John M. Stryker
Stryker Law Co., Ltd.
20006 Detroit Road, Suite 310
Rocky River, OH   44116

**Also listed:**

**GUARDIAN AD LITEM**

Martin J. Keenan
Buckeye Legal Center
11510 Buckeye Road
Cleveland, OH   44104

SEAN C. GALLAGHER, J.:

{¶1} Appellant P.B. appeals the termination of his parental rights and the award of permanent custody of his three children to the Cuyahoga County Department of Children and Family Services ("CCDCFS").

{¶2} Under his first assignment of error, appellant complains that the trial court erred by accepting his stipulation to permanent custody without first advising him that he would be waiving his right to remain silent.

{¶3} Juv.R. 29(D) governs the procedure for accepting an admission during an adjudicatory hearing and provides, in relevant part:

> The court * * * shall not accept an admission without addressing the party personally and determining both of the following:
>
> (1)  The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
>
> (2)  *The party understands that by entering an admission the party is waiving the right* to challenge the witnesses and evidence against the party, *to remain silent*, and to introduce evidence at the adjudicatory hearing.

(Emphasis added.)

{¶4} The record reflects that during the dispositional hearing, the court was informed that appellant wished to waive his trial rights and stipulate to a judgment of permanent custody.  Although the trial court conducted a colloquy with appellant and

advised him of certain rights, the trial court did not advise appellant that he would be waiving his right to remain silent before accepting his stipulation.

{¶5} Although CCDCFS contends that Juv.R. 29(D) only applies to adjudicatory hearings and not to dispositional hearings, it has been held that a trial court must comply with Juv.R. 29(D) when accepting a party's stipulation to permanent custody. *In re: Rock Children*, 5th Dist. Stark No. 2004CA00358, 2005-Ohio-2572, ¶ 12; *see also In re: C.P.*, 8th Dist. Cuyahoga No. 91393, 2008-Ohio-4700, ¶ 10-11, 18-24; *In re: Foresha/Kinkel Children*, 5th Dist. Stark No. 2003CA00364, 2004-Ohio-578, ¶ 5-15. "'In a case where parental rights are permanently terminated, it is of utmost importance that the parties fully understand their rights and that any waiver is made with full knowledge of those rights and the consequences which will follow.'" *In re: Rock Children* at ¶ 17, quoting *Elmer v. Lucas Cty. Children Servs. Bd.*, 36 Ohio App.3d 241, 245, 523 N.E.2d 540 (6th Dist.1987).

{¶6} Nonetheless, CCDCFS concedes, and a review of the record reflects, that the trial court also did not advise appellant at the adjudicatory hearing that, by entering an admission, he would be waiving his right to remain silent as required by Juv.R. 29(D)(2). Therefore, the state concedes that appellant's admission to the complaint cannot be considered knowingly and voluntarily entered and that reversible error occurred. *See In re: A.A.*, 8th Dist. Cuyahoga No. 85002, 2005-Ohio-2618.

{¶7} Upon review, we conclude that the trial court erred when it accepted appellant's admission and that his stipulation was invalid. We reverse the trial court's

termination of appellant's parental rights and the grant of permanent custody of the three children to CCDCFS. The matter is remanded for further proceedings. The remaining assignments of error are moot.

{¶8} Judgment reversed; case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR