THE FARMERS BANKING COMPANY, APPELLANT, *v.* HINKLE ET AL., APPELLEES.

[Cite as Farmers Banking Co. v. Hinkle (1976), 46 Ohio St. 2d 374.]

(No. 75-982—Decided June 16, 1976.)

*Mr. William E. Shirk*, for appellant.

*Messrs. Meredith, Meredith, Tait & Basinger, Mr. Robert Tait* and *Mr. Malcolm D. Basinger*, for appellee Richard Ling.

CELEBREZZE, J. The sole issue presented for this court's consideration is whether the Court of Appeals erred in dismissing the appeal on the ground that the transcript of the evidence adduced in the trial court was not properly certified as provided by App. R. 9(B).

In its opinion, and in its denial of appellant's application for reconsideration, the Court of Appeals relied prima-

rily upon the decisions of this court in *Crow* v. *Brite Metal Treating* (1967), 9 Ohio St. 2d 63; *Ford* v. *Ideal Aluminum* (1966), 7 Ohio St. 2d 9; and *Knowlson* v. *Bellman* (1953), 160 Ohio St. 359. Examination of the facts in those cases discloses their collective irrelevance to the disposition of the instant cause. In all three cases, no bill of exceptions was filed in the applicable appellate court.[1] In the cause at bar, however, the recorded testimony adduced at trial was transcribed and filed in the Court of Appeals. Accordingly, the Court of Appeals' reliance upon the three cases set forth above is misplaced.

As a separate basis for its decision, the Court of Appeals concluded that the transcript was not properly certified as provided by App. R. 9(B). We disagree.

App. R. 9(B) provides:

"Within ten days after filing the notice of appeal the appellant shall order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, he shall include in the record a transcript of all evidence relevant to such findings or conclusion. Unless the entire transcript is to be included, the appellant shall, within the time above provided, file and serve on the appellee a description of the parts of the transcript which he intends to include in the record and a statement of the assignments of error he intends to present on the appeal. If the appellee deems a transcript of other parts of the proceedings to be necessary he shall, within ten days after the service of the statement of the appellant, file and serve on the appellant a designation of additional parts to be included. If the appellant shall refuse to order such parts, the appellee shall either order the parts or apply to the trial court for an order requiring the appellant to do so. At the time of ordering, a party

---

[1] Under former procedure in Ohio, the bill of exceptions performed the same function as the transcript on appeal now performs.

shall arrange for the payment to the reporter of the cost of the transcript.

"The reporter shall certify the transcript as correct and state whether it is a complete or partial transcript."

In the present case, the appellant discharged its duty, pursuant to App. R. 9(B), by filing the transcript of the trial proceedings, certified by the court reporter as being "a complete transcript as provided to me," in the Court of Appeals. If appellee was dissatisfied with the transcript as so filed, App. R. 9(B) and (E)[2] provide a method by which correction or modification of the record on appeal can be accomplished. See *Holmes* v. *Krepps* (1972), 32 Ohio St. 2d 134.

In dismissing the instant appeal, the Court of Appeals construed App. R. 9(B) in a hypertechnical manner not required by the facts of this cause,[3] or by the applicable appellate rules.

For the foregoing reasons, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court for further proceedings.

*Judgment reversed and cause remanded.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.

---

[2] App. R. 9(E) provides:

"If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the Court of Appeals, or the Court of Appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the Court of Appeals.

[3] In its brief, appellant maintains that all parties in the trial court agreed to the use of the cassette recorder in light of the illness of the court reporter. Although the transcript does not reflect this agreement, it is worthy of notation since the appellees have not contested this assertion.