[THE STATE, EX REL.] MENTOR LAGOONS, INC., APPELLANT, *v.*
STRADER, JUDGE, APPELLEE.

[Cite as Mentor Lagoons *v.* Strader (1982), 1 Ohio St. 3d 1.]

(No. 81-1663—Decided July 7, 1982.)

*Mr. Albert C. Nozik,* for appellant.

*Baker, Hackenberg, Haskell & Collins Co., L.P.A.,* and *Mr. I. James Hackenberg,* for appellee.

*Per Curiam.* App. R. 9(B) provides, in part: "*** The reporter is the person appointed by the court to transcribe the proceedings for the trial court whether by stenographic, phonogramic or photographic means, or by the use of audio electronic recording devices, or by the use of video recording systems. ***"

Clearly, under App. R. 9(B), Corlett and Beebe were the reporters in this case. Yet, appellant argues that it is entitled to submit an App. R. 9(C) narrative statement instead of a transcript, because App. R. 9(B) further provides: "*** If there be no officially appointed reporter, Rule 9(C) or 9(D) may be utilized. ***" Appellant suggests that an *officially appointed* reporter must be a *professional* court reporter in spite of the fact that it is stipulated that the court appointed both Corlett and Beebe. We refuse, however, to construe "*** App. R. 9(B) in a hypertechnical manner not required by the facts of this cause ***." *Farmers Banking Co.* v. *Hinkle* (1976), 46 Ohio St. 2d 374, 377 [75 O.O. 2d 448, 450].

Appellant also bases its request for a writ of mandamus on the fact that Corlett cannot type and has retired to another state. "In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. (*State, ex rel. Harris,* v. *Rhodes,* 54 Ohio St. 2d 41 [8 O.O. 3d 36].)" *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O. 3d 53], paragraph one of the syllabus. Appellant has not requested a transcript, however, and it has not demonstrated that a transcript is unavailable. See App. R. 9(C); cf. *Knapp* v. *Edwards Laboratories* (1980), 61 Ohio St. 2d 197 [15 O.O. 3d 218]. Appellant, therefore, does not have a clear legal right to a settlement statement.

Accordingly, we affirm the judgment of the Court of Appeals, denying the writ of mandamus.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.