**CITY OF DEFIANCE, Appellee,**

**v.**

**PETROVISH, Appellant.**

[Cite as *Defiance v. Petrovish* (1988), 61 Ohio App.3d 32.]

Court of Appeals of Ohio,
Defiance County.

No. 4-87-16.

Decided Dec. 29, 1988.

*John T. Rohrs III*, Law Director, and *Lora Manon*, for appellee.

*Stephen R. Archer*, for appellant.

---

Robert L. McBride, Judge.

The appellant, Larry D. Petrovish, presents his appeal from a judgment of the Municipal Court of Defiance, which found appellant guilty of operating a motor vehicle while his driver's license was suspended and imposed a sentence which included in the court costs the compensation for the temporary judge who was assigned to try the case.

There are two assignments of error:

"1. An incumbent municipal judge is without statutory authority to impose on a criminal defendant as 'costs' the compensation for services of an 'acting judge' required to serve when the incumbent is disqualified or removed for 'bias'. A direction by the disqualified incumbent to the acting judge encouraging him to impose his compensation as 'costs' on a criminal defendant represents inappropriate judicial behavior under Canon 3, 'Code of Judicial Conduct'.

"2. The court opinion that a valid F.R.A. Suspension was imposed by the B.M.V. is against the manifest weight of the evidence. The decision of the court is based on the wrong suspension, and the City's B.M.V. evidence discloses that the B.M.V. did not send the notice to the 'last known address' of the defendant as required by law."

While there is, at best, an implication that another judge influenced the assessment as additional court costs the compensation paid for the services of

the assigned judge, the issue presented and argued on the first assignment of error is the authority of the municipal court to include as part of the judgment for fees and costs under R.C. 1901.26 any part of the compensation paid to the person temporarily assigned to hear the case when the regular judge withdraws.

The power and incentive of an otherwise impartial trier of the facts to consider and impose his own salary and expenses as part of a sentence for court costs has been prohibited in this state. Since this policy is not argued, it is unnecessary to consider here the fundamental principle of constitutional law that exists in this case.

The appellee points to R.C. 1901.26, which provides, in part:

"(A) Costs in a municipal court shall be fixed and taxed as follows:

"(1) The municipal court, by rule, may establish a schedule of fees and costs to be taxed in any civil or criminal action or proceeding which fees and costs shall not exceed the fees and costs provided by law for a similar action or proceeding in the court of common pleas."

However, appellee cites no local rule in support of the action in the instant case.

Appellee argues that R.C. 1901.11, fixing the compensation for either an incumbent or an acting judge, does not *prohibit* a defendant from being required to reimburse the appropriate authority for the compensation of the judge who tried the case. It is equally true that this and related sections do not authorize the court to include such compensation or other exclusive governmental expenses in providing facilities and general services as costs of the court.

Finding no authority for taxing such costs, appellee turns to provisions for felony cases in the court of common pleas for the fees (not compensation) of magistrates who handle preliminary matters in cases that come to the court of common pleas. R.C. 2335.11. This section on its face has no application in the instant case.

The appellee is left with no more than a claim of an unrecognized inherent power for a judge to include his own salary as court costs. What a judge may receive or collect as compensation for his services does not fall within the judicial necessity that justifies resort to inherent power; further, the inclusion of the compensation for the trier of the facts in court costs is, as stated earlier, contrary to the law and the public policy of this state.

It is not necessary to respond to the argument of appellant that the incumbent judge disregarded ethical standards by influencing the assessment as court costs of personal compensation by the assigned judge. In this

respect the evidence is insufficient and unnecessary. Whatever, if any, suggestion was made by the incumbent judge is immaterial and irrelevant on an issue resolved by the specially assigned judge.

For the foregoing reasons the first assignment of error is sustained.

 Since the second assignment of error is based on the weight of the evidence, it is necessary to describe the record brought to this court. It consists of a transcript of the proceeding of September 10, 1987 at the time when the appellant was sentenced. There is no transcript of the evidence of the proceedings at the trial at which the appellant was found guilty.

In addition, we find in the clerk's file papers which appear to be computer and other records of the Bureau of Motor Vehicles as well as a judgment entry in an appeal by Larry D. Petrovish from a license suspension in which the court permitted occupational driving privileges as a truck driver for B & I Trucking, Inc. The record elsewhere indicates appellant was operating a motorcycle at the time of his arrest.

As to these records, we find no certification by the court reporter that they are correct or whether they were included or excluded portions of the record as required by App.R. 9(B)(8). In addition, App.R. 9 provides that where appellant intends to urge on appeal that a finding was unsupported or contrary to the weight of the evidence, he shall include in the record a transcript of all evidence relevant to such findings. See App.R. 12(A). This was not done in this case.

Appellant did file a praecipe for a partial transcript to include only the summons and a certified record of the Bureau of Motor Vehicles and indicated an intention to assign as error a failure of due process to provide reasonable notice of suspension upon which the defendant was convicted.

The trial court in its judgment entry found that the BMV sent a notice to Larry Petrovish at 720 East Mulberry, Bryan, Ohio, which was returned. The court indicated that Petrovish had changed his address and was living at 105 East Hanna Street in Ney, Ohio; however, no forwarding address was provided to support that appellant was living at Ney, Ohio. The trial court found that constructive notice to the last known address was sufficient and that actual notice was not necessary, citing *State v. Morrison* (1982), 2 Ohio App.3d 364, 2 OBR 421, 442 N.E.2d 114, and cases mentioned therein.

It is our conclusion that the trial court was correct in finding that the notice sent to the last known address of appellant was sufficient and made a prima

facie case as to such notice, and in the absence of any other evidence or testimony at the trial the judgment of the trial court must be affirmed.

From the uncertified records, it is not possible to find that the appellant ever supplied the BMV his current or last address whether it may have been a post office box at Bryan, Ohio, or otherwise. From the appellee's brief we are informed that the testimony at trial revealed that during the period spanning the suspension of appellant's license he changed residences several times and that in response to a specific address at the time a notice was mailed, appellant replied that he "didn't know." While such testimony is not before this court, it is clear that an assignment claiming error based upon the manifest weight of the evidence may not be sustained when all the evidence on the issue has not been available under the appellate rules.

The second assignment of error is denied.

The judgment of the trial court is affirmed in all respects other than as indicated in the first assignment of error.

Pursuant to our finding on the first assignment of error, the sum of $567 is hereby remitted from the court costs assessed in the sentence of the trial court. The record reveals that compensation for the assigned judge of $113.40 for each of five half days was included in the court costs for a total for judicial service of $567. Accordingly, the court costs of $593 are reduced to $26. The difference in costs, if paid, is ordered returned to appellant. The judgment is amended in accordance with this opinion.

*Judgment affirmed in part*
*and reversed in part.*

EVANS and SHAW, JJ., concur.

ROBERT L. MCBRIDE, J., retired, of the Second Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.