The STATE of Ohio, Appellee,

v.

FILCHOCK, Appellant.

[Cite as State v. Filchock (1998), 126 Ohio App.3d 66.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 97-L-068.

Decided April 14, 1998.

*Ron M. Graham,* Mentor City Prosecutor, for appellee.

*Richard Agopian,* for appellant.

---

NADER, Judge.

Defendant-appellant Joseph J. Filchock was charged in the Mentor Municipal Court with driving under the influence of alcohol ("DUI"), R.C. 4511.19(A)(1), and driving under suspension ("DUS"), R.C. 4507.02. On the day of trial, appellant appeared without counsel, and Judge Richard A. Swain threatened to sentence him to one year in jail for the DUI charge and a *consecutive* term of six months for the DUS charge if he did not immediately plead guilty. Given no real option, appellant entered a plea of guilty. Judge Swain imposed a one-year sentence for the DUI with a concurrent six months for the DUS.

Subsequently, appellant retained counsel and filed a Crim.R. 32.1 motion to withdraw the plea, which Judge Swain overruled. This court reversed, holding Judge Swain's direct threats to impose consecutive sentences if appellant did not immediately enter a plea of guilty rendered the plea involuntary. *State v. Filchock* (1996), 116 Ohio App.3d 572, 688 N.E.2d 1063. We also thought Judge Swain's intimidating actions in this matter required his removal and suggested

that appellant file an affidavit of prejudice with the presiding judge of the Lake County Court of Common Pleas.

On remand, appellant took our suggestion and filed an affidavit of prejudice against Judge Swain. Presiding Judge Fred V. Skok dismissed the affidavit of prejudice but nevertheless ordered that an acting judge be appointed to try this case, which order has remained unchanged.

On February 20, 1997, appellant entered an oral plea of no contest to the DUI and DUS charges before Acting Judge Charles G. Deeb. The plea hearing was not recorded, and there is no written summary of the plea negotiations or a written plea appearing in the record. Certain statements in briefs filed in the lower court and an order of commitment signed by the deputy clerk of courts on February 20, 1997, lead us to believe that the acting judge orally imposed a one-year sentence for the DUI charge beginning March 3, 1997. Appellant under-stood that the first thirty days were to be served in the Lake County Jail, with release privileges for work, school, and medical treatment, and the second thirty days were to be served in an in-patient treatment facility, without work release privileges. Acting Judge Deeb also orally imposed a concurrent six-month sentence on the DUS charge. The sentence was not immediately journalized.

On February 28, 1997, appellant filed a motion to modify the oral sentence, asserting that his employer informed him that, if he missed a complete month of work, he would lose his job. The motion requested that Acting Judge Deeb change the sentence to allow him to serve the first seventy-five days of confine-ment in the Lake County Jail, with release for work, school, and medical treatment, and that he be allowed to attend an out-patient treatment program at the direction of the probation Department. The motion did not address the balance of the sentence.

Despite having been removed from this case by direct order of the Lake County Presiding Judge of the Court of Common Pleas, Judge Swain seized the opportunity to rule on appellant's motion to modify the sentence. On March 3, 1997, he filed a judgment entry modifying the sentence and ordered appellant to serve an entire year in jail with work, school, and medical release privileges, beginning March 4, 1997.

On March 12, 1997, Acting Judge Deeb, apparently unaware that Judge Swain had modified his oral sentence, filed a judgment entry sentencing appellant on his plea of February 20, 1997. In this judgment entry, appellant was sentenced to one-year imprisonment beginning March 3, 1997, the first forty-seven days of which would be served in the Lake County Jail with release privileges for work, school, and medical treatment. Credit was given for seventeen days already served. The next thirty days of the sentence were to be served in an in-patient treatment facility. After successful completion of the in-patient treatment pro-

gram, the remainder of the sentence was to be served under house arrest. Appellant's license was suspended for five years, with limited driving privileges for work, school, medical, and ·AA meetings, and he was placed on probation for two years.

Appellant timely appealed Judge Swain's March 3 order. He served seventy-seven days of Judge Swain's one-year sentence, from March 4, 1997 to May 20, 1997, when this court stayed the execution of Judge Swain's sentence and ordered appellant to serve Acting Judge Deeb's sentence, until further order of this court.

The assigned error states:

"The trial court erred when it increased a sentence imposed on the appellant after the order was journalized, and execution of the sentence was imposed."

■  The record plainly shows that Judge Swain modified the sentence *before* it was journalized, not after, as appellant contends. This was even greater error.

■  By order of the Presiding Judge of the Lake County Court of Common Pleas, Judge Swain was removed from this case. His judicial powers as to this matter were therefore suspended. 48A Corpus Juris Secundum (1981) 892–893, Judges, Section 176. See *State ex rel. Stern v. Mascio* (1998), 81 Ohio St.3d 297, 691 N.E.2d 253; *Defiance v. Petrovish* (1988), 61 Ohio App.3d 32, 572 N.E.2d 139. Appellant did not waive reassignment, as he addressed his motion to modify to Acting Judge Deeb, and had no reason to expect that Judge Swain would usurp the acting judge's authority and modify his sentence before it was even journalized. Furthermore, Judge Swain had no authority to rule upon the motion under Crim.R. 25(B) because there was no showing in the record that Acting Judge Deeb was unable to discharge his judicial responsibilities.

Obviously, appellant has been prejudiced because under Judge Swain's sentence he would serve the entire year in jail, whereas under Acting Judge Deeb's sentence, he would spend only a month there, the rest of the year to be spent in a treatment program and house arrest. Compare *State v. Morgan* (Sept. 13, 1996), Montgomery App. No. 15351, unreported, 1996 WL 517266.

Judge Swain's involvement in this case was thoroughly unprofessional. He disobeyed a direct order from the Presiding Judge of the Lake County Court of Common Pleas removing him from appellant's case. Such flagrant contempt would surely have been punished if committed by any other person appearing before that court.

We note that appellant, in his brief to this court, claims that he met with Judge Swain in his chambers after we reversed his previous guilty plea and remanded the cause for further proceedings. Appellant claims that Judge Swain again threatened to impose a consecutive six-month sentence for the DUS conviction if

he were found guilty. Appellant claims that this conversation prompted him to file the affidavit of prejudice.

We held in the previous appeal that Judge Swain's threats deprived appellant of due process of law. If Judge Swain again threatened appellant with consecutive sentences, as appellant alleges, he would have repeated his intrusion into appellant's right of due process.

We take this opportunity to impress upon Judge Swain his obligation to serve his position with dignity, to apply the law with impartiality to the facts of a given case, to protect the constitutional rights of those before him, and to perform his duties within the ethical standards of the Code of Judicial Conduct.

The citizens of Mentor do not live under a dictatorial regime but in a constitutional democracy. Although judges, as human beings, may feel frustration with repeat DUI offenders, everyone is entitled to basic civil liberties under our system of government by law.

Canon 3(E) provides:

"(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

"(a) The judge has a personal bias or prejudice concerning a party * * *."

The order of March 3, 1997 is reversed, and the cause is remanded with instructions that the acting judge consider appellant's motion to modify the sentence as journalized March 12, 1997. Credit must be given for the seventy-seven days appellant has served under Judge Swain's invalid sentence and for the seventeen days served before he was sentenced. When crafting the new sentence, Acting Judge Deeb should give special consideration to the length of time appellant has already spent in jail as the result of the intervening judgment.

*Judgment accordingly.*

FORD, P.J., and WILLIAM M. O'NEILL, J., concur.