OPINION *Page 2 
{¶ 1} The defendants-appellants, Atwood Manor Nursing Center, Atwood Manor Inc., and George K. Kellner, Jr., appeal the judgment of the Crawford County Common Pleas Court granting default judgment and damages to the plaintiff-appellant, Billie V. Flatt.
 {¶ 2} On July 1, 2005, Flatt filed a complaint against the Nursing Center and John Does 1-10, alleging that she had sustained personal injuries as a result of inadequate care while she was a resident at the nursing home and asserting claims for negligence and breach of contract. Flatt amended her complaint on July 6, 2005, adding Atwood Manor, Inc. and George K. Kellner, Jr. as defendants. The defendants filed a joint answer on August 8, 2005. On January 9, 2006, the trial court held a status conference, and on the following day, the court filed a judgment entry continuing the case for 60 days.
 {¶ 3} On April 20, 2006, Flatt filed a motion to compel discovery. In her memorandum, Flatt stated that on September 8, 2005, she had submitted to the defendants a first set of interrogatories and a first set of requests for documents. Flatt stated that on October 24, 2005, Kellner responded to her discovery requests but either failed to answer or submitted incomplete answers, and that he failed to *Page 3 
produce requested documents. Attached to Flatt's motion were letters sent to Kellner on November 14, 2005 and December 29, 2005 requesting that he more fully answer the interrogatories and that he produce the requested documents. Also attached to the motion were copies of letters sent to the defendants' attorney on October 17, November 8, and December 28, 2005 and on February 22, March 4, and March 11, 2006 requesting complete responses to the interrogatories and production of the requested documents. Flatt indicated that the parties had discussed these discovery issues during the January 9, 2006 conference with the court; that they had waited at least 60 days; and that Defendants had failed to respond. Although the court had not received a response from Defendants, it granted Flatt's motion on April 24, 2006. The court ordered Defendants to answer Flatt's questions concerning liability insurance and the identification of the individuals and/or entities who owned the Nursing Center during the time she was a resident of the nursing home and to produce Flatt's medical records.
 {¶ 4} On July 25, 2006, Flatt filed a motion for default judgment, alleging that Defendants had failed to comply with the court's judgment entry compelling discovery. The trial court granted Flatt's motion on September 7, 2006. The court granted default judgment against the defendants and scheduled a damages hearing for October 24, 2006. *Page 4 
 {¶ 5} At the damages hearing, Flatt allegedly introduced two binders containing photographs of her injuries and medical bills. However, these binders were not identified as exhibits in the transcript and are not part of the appellate record. See App.R. 9(B). Flatt's daughter testified concerning Flatt's medical and psychological conditions, the injuries she sustained while in the care of the Nursing Center, and the damages associated with the defendants' failure to provide adequate care. The trial court took the matter under advisement, and on October 27, 2006, the court filed its judgment entry ordering $25,000 in damages to Flatt. The defendants appeal the trial court's judgment and assert four assignments of error for our review.
 First Assignment of Error It is reversible error and/or constitutional error when a court renders a judgment upon a motion to compel discovery four days after said motion was filed, thereby denying a litigant the opportunity to respond to that motion.
 Second Assignment of Error[1] It is plain error when the trial court grants a motion to compel discovery when the other party has not been given an opportunity to respond to such a motion.
 Third Assignment of Error It is an abuse of discretion and plain error when a trial court imposes the harsh sanction of default judgment when it fails to *Page 5 set forth on what authority the judgment was entered and when there is absent a showing of bad faith or a willful failure to comply with a discovery order of a trial court. *Page 6 
 Fourth Assignment of Error A trial court abuses its discretion when it awards a monetary judgment when such judgment is based upon a lack of evidence.
 {¶ 6} Before we address the merits of the appeal, we must resolve several procedural issues raised by Flatt. First, Flatt contends that the trial court's judgments compelling discovery, granting default judgment, and ordering damages are all separate orders which were each final and appealable. Flatt contends that Defendants failed to timely appeal the orders compelling discovery and granting default judgment and are therefore barred from raising the issues now. However, these arguments are without merit. Subject to several exceptions in R.C.2505.02, which are inapplicable to this case, discovery orders are interlocutory and therefore not subject to immediate appeal.Dispatch Printing Co. v. Recovery Ltd. Partnership, 166 Ohio App.3d 118,2006-Ohio-1347, 849 N.E.2d 297, at ¶ 7, citing Gibson-Myers Assoc. v.Pearce (Oct. 27, 1999), 9th Dist. No. 19358, citingWalters v. Enrichment Ctr. of Wishing Well, Inc., 78 Ohio St.3d 118,1997-Ohio-232, 676 N.E.2d 890. See also Stratman v. Sutantio, 3d Dist. No. 05AP-1260, 2006-Ohio-4712, at ¶ 24, citing Kennedy v. Chalfin
(1974), 38 Ohio St.2d 85, 89, 310 N.E.2d 233; State ex rel. Steckman v.Jackson (1994), 70 Ohio St.3d 420, 639 N.E.2d 83.
 {¶ 7} Also, if a court's order granting default judgment reserves the issue of damages for a subsequent hearing, the order is interlocutory.Carroll v. Dairy *Page 7 Farmers of Amer., Inc., 3d Dist. No. 2-04-24, 2005-Ohio-671, at ¶ 13, citation omitted. See also Arledge v. Brown, 5th Dist. No. 2006-CA-11, 2007-Ohio-57, at ¶ 4, citing Prather v. Am. Med.Response, Inc., 9th Dist. No. 20965, 2002-Ohio-5261 at ¶ 10, citing Schelich v. Theatre Effects, Inc. (1996),111 Ohio App.3d 271, 272-273, 675 N.E.2d 1349. As stated above, the trial court granted default judgment and ordered a separate hearing on damages. Therefore, contrary to Flatt's contention, Defendants could not appeal the court's orders compelling discovery and granting default judgment until a final judgment (i.e.; the judgment granting damages) was rendered.
 {¶ 8} Second, Flatt contends that Defendants are estopped from appealing the judgment entries compelling discovery and granting default judgment because they failed to oppose either motion in the trial court. Flatt cites no case law to support her assertion; however, Defendants' first and second assignment of error address the trial court's rapid response to Flatt's motion to compel discovery, and we will discuss the defendants' failure to respond to the motion for default judgment below. We will not simply rely on Flatt's unsupported assertion that Defendants are estopped from raising these issues. See generally App.R. 16(A)(7); (B).[2] *Page 8 
 {¶ 9} Third, Flatt contends we should not consider Defendants' appeal because their attorney failed to sign the brief This argument is without merit. Loc.R. 10(D) requires an attorney's signature on the original brief and all copies that are filed with the clerk of courts. Loc.R. 10(D) does not require the attorney to sign the copy he or she mails to opposing counsel. Based on the nature of Flatt's argument, it appears that Defendants' counsel did not sign the copy of the brief he mailed to her counsel. However, the original brief contains what appears to be the signature and attorney registration number of George F. Georgeff, Defendants' appellate counsel.
 {¶ 10} Finally, Flatt contends that Defendants' appellate counsel failed to enter an appearance in this case. The record reflects that attorney Kenneth Boggs represented Defendants throughout the proceedings in the trial court. Attorney George F. Georgeff filed the notice of appeal and subsequent appellate filings. Defendants apparently opted to retain new counsel for their appeal. An appeal is a new case in a new court. Flatt has failed to cite any authority for the proposition that counsel errs by failing to file a notice of appearance when the attorney has been newly retained to represent a party on appeal. Even if counsel erred, this Court should, and will, consider the appeal on the merits. Flatt's argument is without merit. *Page 9 
 {¶ 11} Turning to the merits of the appeal, we will consider Defendants' first and second assignments of error together. Defendants contend that the trial court violated its local court rules by granting Flatt's motion to compel discovery only four days after the motion was filed. Defendants argue under Loc.R. 7 of the Crawford County Common Pleas Court, motions are not deemed submitted until 21 days after they are filed with the clerk. Defendants urge us to find reversible error, an abuse of discretion, or plain error in the court's failure to abide by its local rule.
 {¶ 12} Flatt argues that the court's decision should be reviewed under the abuse of discretion standard. Flatt contends that Defendants had an "extended period of time" to respond to discovery before she filed her motion, as evidenced by the multiple letters sent to Kellner and Defendants' attorney. Flatt also emphasizes the January conference with the court, where the parties allegedly discussed the discovery issues now challenged.
 {¶ 13} A trial court's decision granting a motion to compel discovery will not be reversed on appeal absent an abuse of discretion. Walter v.ADT Sec. Sys., Inc., 10th Dist. No. 06AP-115,2007-Ohio-3324, at ¶ 39, citing 513 East Rich St. Co. v. McGreevy, 10th Dist. No. 02AP-1207, 2003-Ohio-2487, at ¶ 10. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. *Page 10 Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quotingState v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, internal citations omitted. "Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. A decision that is unreasonable is one that has no sound reasoning process to support it." Walter, at ¶ 39, citing AAAA Ent., Inc. v. RiverPlace Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157,553 N.E.2d 597.
 {¶ 14} Civ.R. 83(A) allows a court to adopt local rules of practice if they are not inconsistent with the Civil Rules. Civ.R. 7 does not provide specific time guidelines for filing motions; therefore, the trial court adopted Loc.R. 7, which states:
(A) GENERAL MOTIONS
 1. All motions shall be accompanied by a brief stating the grounds thereof and citing the authorities relied upon.
 2. The opposing counsel or a party may file an answer brief by the fourteenth day after the day on which the motion was filed.
 3. The moving party may file a reply brief by the 21st day following the day the motion was filed.
 4. On the 21st calendar day after the motion is filed, the motion shall be deemed submitted to the Judge.
 5. Oral arguments shall not be allowed except upon leave of the Court upon written request.
 6. This rule does apply to motions for new trial, motions for judgment notwithstanding the verdict, and motions for summary judgment. *Page 11 
 (B) EXCEPTIONS
 1. This rule shall apply to all motions excepting domestic relations proceedings and those otherwise provided herein.
 (C) EQUITABLE RELIEF
 1. Motions for temporary restraining orders, temporary injunctions, for receivers, or for similar urgent equitable relief shall be submitted to the Court.
 2. Notice of time of hearing shall be served upon the adverse party or his counsel AND NO MATTER shall be heard ex parte, UNLESS from the affidavits filed with the motion, the Judge determines that extraordinary, undue hardship would result to the moving party by any delay in the proceeding.
 3. Even when the order is issued ex parte, a hearing on the continuance of such order shall be scheduled and held after notice to all concerned.
(Emphasis in original). Loc.R. 7 clearly provides the deadlines for filing motions in the Crawford County Common Pleas Court, and the court clearly did not abide by its own rules. However, we cannot find the court's failure to do so an abuse of discretion. The Ninth District Court of Appeals has held that "[t]he enforcement of local procedural rules is a matter within the discretion of the trial court." Yanik v.Yanik, 9th Dist. No. 21406, 2003-Ohio-4155, at ¶ 9, citing Huffaker v. Ramella (1991), 75 Ohio App.3d 836, 839,600 N.E.2d 1082; Hanes v. Block (1945), 78 Ohio App. 394, 397, 65 N.E.2d 86.
 "We acknowledge that local rules, not in derogation of a statute, are to be adhered to by the court. Although local rules are of the court's own making, the preferred course of action is for the *Page 12 court to amend its rules rather than ignore them. However, we also recognize that local rules are of the court's own making, procedural in nature, and not substantive principles of law. Accordingly, it has been held that there is no error when, in its sound discretion, the court decides that the peculiar circumstances of a case require deviation from its own rules."
Yanik, at ¶ 9, quoting Lorain Cty. Bank v. Berg (July 22, 1992), 9th Dist. No. 91CA005183 (citations omitted in original). See also Babel v.Babel, 12th Dist. Nos. CA2005-05-104, CA2005-06-141,2006-Ohio-4323; State v. Holcomb, 9th Dist. No. 21682,2003-Ohio-7167.
 {¶ 15} While we agree with Defendants that the trial court should follow its local rules, we cannot find an abuse of discretion in the trial court's decision to grant Flatt's motion. The judgment entry granting Flatt's motion was simply an order requiring Defendants to provide specific discovery responses. Apparently, at the January 9, 2006 conference, the trial court continued the case for 60 days so Defendants could comply with discovery. Thus, Defendants had notice of the discovery compliance issue in January 2006. The defendants failed to comply within four months of the January conference, so the court put on a formal judgment entry reflecting its orders. No sanctions were requested or imposed at that time.
 {¶ 16} After the trial court granted Flatt's motion to compel, Defendants took no action. Defendants did not file a late response to Flatt's motion, they did not file objections to the court's order, they did not file a motion to vacate the *Page 13 
order, nor did they provide the ordered discovery. In this case, any error of the trial court is harmless because the trial court's order did not affect a substantial right of the defendants. Civ.R. 61. In their brief, Defendants cite two cases to support their contention that the trial court's failure to follow its own local rules is reversible error. In the first case, Gibson-Myers Assoc. v. Pearce (Oct. 27, 1999), 9th Dist. No. 19358, the appellees filed a motion to compel disclosure of trade secrets, and the trial court granted the motion without giving the appellants the opportunity to respond. In the second case, In re Foreclosure of Liens for Delinquent Taxes (1992),79 Ohio App.3d 766, 607 N.E.2d 1160, the appellant filed a motion to vacate the sale of real property. The trial court scheduled a hearing on the motion without giving the appellant sufficient notice; therefore, the appellant was unable to attend the hearing, and the property was sold at a sheriff's sale. In both of the cases cited by Defendants, the parties' substantial rights were affected. In Gibson-Myers, sensitive information, such as a trade secret, was ordered to be disclosed, while in In re Foreclosure, real property was sold although the lienholder had filed a motion to vacate the sale, thus subjecting the lienholder to potential liability.
 {¶ 17} In this case, the discovery was of neither a sensitive nature nor prejudicial to the defendants. The court ordered Defendants to disclose whether it had liability insurance when Flatt lived at the Nursing Center, who owned the *Page 14 
Nursing Center when Flatt was a resident there, and Flatt's medical records. Although generally, medical records may be of some concern, here, Flatt was requesting her own medical records. The other discovery requested was routine information, which would allow the plaintiff to ascertain the proper defendants and potential insurance coverage. On this record, the trial court did not abuse its discretion.
 {¶ 18} We also note the case of Hillabrand v. Drypers Corp.,87 Ohio St.3d 517, 2000-Ohio-468, 721 N.E.2d 1029. In Hillabrand, the Supreme Court reversed the decision of the court of appeals, which upheld the trial court's dismissal of plaintiff s case pursuant to Civ.R. 37 and 41(B)(1) only two days after defendant filed its motion for sanctions. The Supreme Court commented that the trial court had granted defendant's motion to compel without allowing time for the plaintiff to respond.Hillabrand, at 520, fn. 1. In Hillabrand, the plaintiffs filed discovery responses on February 13, 1998. Hillabrand v. Drypers Corp. (Oct. 1, 1998), 3d Dist. No. 9-93-18, at 1. On February 18, 1998, the defendant filed a motion to compel, arguing that Plaintiffs discovery responses were inadequate. Id. On February 19, 1998, the trial court granted the motion compelling discovery. Id. The court's order established a deadline for compliance and notified the plaintiff that non-compliance could lead to sanctions, including dismissal of the complaint. Id. The defendant subsequently moved for dismissal, *Page 15 
based on the plaintiff's failure to timely remedy its non-responsive or incomplete answers provided on February 13, 1998. Id.
 {¶ 19} This case is distinguishable from Hillabrand. Here, the plaintiff filed a motion to compel because defendants had provided non-responsive or incomplete discovery. Unlike the judgment entry inHillabrand, the judgment entry in this case did not include a deadline for compliance, nor did it caution the defendants of the consequences of non-compliance. The judgment entry did nothing more than order defendants to respond to specific questions, which duty was already imposed under Civ.R. 26. The defendants made absolutely no effort to respond to, object to, or comply with the court's order compelling discovery. We cannot find prejudicial error on this record. The first and second assignments of error are overruled.
 {¶ 20} In the third assignment of error, Defendants contend the trial court erred when it granted default judgment to Flatt because there was no basis or authority for granting her motion. Defendants argue that Flatt's motion failed to state the authority under which Flatt sought default judgment. Defendants also argue Flatt failed to show their bad faith or willful failure to respond to discovery.
 {¶ 21} The Rules of Civil Procedure provide the possible sanctions that may be levied against a party who fails to comply with an order compelling discovery. Specifically, the rule states: *Page 16 
 (2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 * * *
 (c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party * * * .
Civ.R. 37(B)(2)(c).
 {¶ 22} Flatt filed her motion for default judgment on July 25, 2006, approximately three months after the trial court ordered Defendants to answer her discovery requests. In her motion, Flatt indicated that she knew the Nursing Center was no longer open and that Kellner was ill. However, Flatt requested documentation concerning Kellner's ability or inability to participate in the litigation. Flatt indicated that she had sought discovery in September 2005, that the court's order compelling discovery was filed in April 2006, and that Defendants had made no attempt to provide discovery since October 2005.
 {¶ 23} A trial court has broad discretion to impose sanctions when a party fails to comply with orders compelling discovery. Cunningham v.Garruto (1995), 101 Ohio App.3d 656, 659, 656 N.E.2d 392, citingToney v. Berkemer (1983), 6 Ohio St.3d 455, 453 N.E.2d 700. "[I]t is also well established that the harsh *Page 17 
remedies of default and dismissal should only be utilized when the failure to comply with discovery is due to willfulness, bad faith or fault on behalf of the respondent. Cunningham, at 659-660, citingSociete Internationale Pour Participations Industrielles et Commercialesv. Rogers (1958), 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255. "`It is an abuse of discretion for a trial court to grant a default judgment for failing to respond to discovery requests when the record does not show willfulness or bad faith on the part of the responding party.'"State ex rel. Dispatch Printing Co. v. Johnson, 106 Ohio St.3d 160,2005-Ohio-4384, 833 N.E.2d 274, citing Toney, at syllabus.
 {¶ 24} In Russo v. Goodyear Tire Rubber Co. (1987),36 Ohio App.3d 175, 178, 521 N.E.2d 1116, which Defendants urge us to consider, the court noted that trial courts have broad discretion in fashioning an appropriate discovery sanction and listed several factors the court should consider before choosing an appropriate sanction.
 It is exclusively within the trial court's discretion to determine the particular sanction to be imposed for the particular infraction committed. The appropriateness of the choice is reviewable to the extent that an abuse may have occurred in the exercise of the trial court's discretion in the selection of the sanction. Thus, the trial court must consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions, selecting that sanction which is most appropriate.
 In deciding, the trial court should look to several factors: the *Page 18 history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate.
 With the background of the noncompliance in mind, the trial court must then weigh the severity of the violation and balance it against the degree of possible sanctions. A violation may call for different degrees of sanctions under different circumstances. The trial court should then select that sanction which most appropriately fits the violation, in the context of the case.
Russo, at 178-179. We have reviewed the factors as urged by Defendants; however, none weigh in Defendants' favor.
 {¶ 25} The first factor is the history of the case. Practically the only filing by the defendants is their answer. The record contains Flatt's motion to compel and the exhibits thereto, which evidence Defendants' non-responsiveness. The record references a conference with the court in January 2006, at which time the case was continued for 60 days to allow for compliance with Flatt's discovery requests. The record contains the court's order compelling discovery and Flatt's motion for default judgment, clearly based on Defendants' failure to comply with the court's order compelling discovery.
 {¶ 26} The second factor is the facts and circumstances surrounding the noncompliance. Flatt's motion for default judgment indicated that Kellner was ill. Flatt expressed a willingness to cooperate with the defendants if they provided *Page 19 
documentation that Kellner was medically unable to participate in the litigation. Flatt also indicated that both the Nursing Center and Atwood Manor were possibly defunct corporations and would suffer no prejudice if default judgment was entered against them. Other than these representations by the plaintiff, there is no indication on the record explaining why Defendants failed to provide discovery, particularly after the court ordered them to do so. Although Defendants answered Flatt's first set of interrogatories and requests for the production of documents, those answers were incomplete, and Flatt attempted to obtain proper discovery from Defendants for approximately six months prior to the court granting default judgment.
 {¶ 27} The third factor is the Defendants' efforts to comply. As stated above, Flatt mentioned ill-health and the defunct corporations as potential hardships for the defendants. However, Flatt indicated a willingness to cooperate with the defendants. The record does not disclose why Defendants were unable to properly respond to Flatt's requests for discovery or why Defendants opted to ignore both the court's order compelling discovery and Flatt's motion for default judgment. Flatt's attorney sent eight letters to Kellner and/or Defendants' attorney, all of which went unanswered. The court discussed discovery issues with the parties during the January 2006 conference. Defendants did not file a single response, objection, or motion in the trial court, nor did they provide the *Page 20 
discovery as ordered.
 {¶ 28} The fourth element is the faulting party's ability or inability to comply. As noted above, Defendants made absolutely no effort to respond to Flatt's letters requesting discovery, the court's order compelling discovery, or Flatt's motion for default judgment. All of these events occurred over approximately six months without any response from Defendants. Flatt even allowed the opportunity for Defendants to provide medical documentation of Kellner's ill-health, which allegedly rendered him incapable of participating in the litigation.
 {¶ 29} In their appellate brief, Defendants indicate that Kellner was too ill to participate in the litigation. However, there is no indication that Defendants' trial counsel was unable to challenge the court's order compelling discovery, to make an attempt to comply, or to at least respond to the subsequent motion for default judgment.
 {¶ 30} The Ninth District Court of Appeals has noted that an absolute failure to respond to discovery "cannot be construed as a good faith effort to comply." Russo, at 178, citing Civ.R. 41(B)(1); Ohio FurnitureCo. v. Mindala (1986), 22 Ohio St.3d 99, 488 N.E.2d 881. AlthoughRusso dealt with the dismissal of the plaintiff's case, we can apply the same reasoning in this case where judgment is severe against the defendant. The Second District Court of *Page 21 
Appeals has also upheld a default judgment rendered under similar circumstances. See Dayton Modulars, Inc. v. Dayton View Community Dev.Corp., 2nd Dist. No. 20894, 2005-Ohio-6257, at ¶ 14. We agree with both the Ninth and Second Districts that an utter lack of response creates the presumption of willfulness and bad faith on behalf of the non-complying party. For the reasons stated above, the third assignment of error is overruled.
 {¶ 31} In the fourth assignment of error, Defendants contend that the trial court's judgment awarding damages to Flatt was not supported by the evidence. App.R. 9(A) imposes upon the appellant the duty to supply this Court with any transcripts necessary to the appeal. App.R. 9(B) sets forth the guidelines court reporters must follow in preparing an ordered transcript. Specifically, the court reporter "shall certify the transcript as correct, whether in written or videotape form * * * ." App.R. 9(B).
 {¶ 32} The front page of the transcript submitted with this case states:
 *The following is transcribed to the best of my ability from a digital recording that included portions that were difficult to hear. I have identified the speakers by sound and content, and such identification may at times be in error. Proper names may be spelled phonetically.
The last page of the transcript contains the court reporter's "certification" and states:
 I, Gary Burgard, do hereby certify that the foregoing was transcribed to the best of my ability from the digital media *Page 22 supplied to me. Because of the inherent problems of transcription from digital media, I do not certify that it is a verbatim record.
(Emphasis added). Below this statement is Mr. Burgard's signature as a notary public licensed by the state of Ohio.
 {¶ 33} In light of App.R. 9(B), which requires the court reporter to certify the correctness of the transcript, the transcript before us is not properly certified. Although the Ohio Supreme Court has urged appellate courts not to construe App.R. 9 in a "hyper-technical manner," we cannot find the problems with the certification in this case to be merely a "hyper-technicality." See Farmers Banking Co. v. Hinkle (1976),46 Ohio St.2d 374, 377, 348 N.E.2d 717.
 {¶ 34} The Eighth District Court of Appeals has held that a transcript missing a court reporter's signature on the certification is not a violation of App.R. 9 if the other requirements are satisfied. In reM.C., 8th Dist. Nos. 85054 and 85108, 2005-Ohio-1968. Likewise, in State v. Ellerbrock, 3d Dist. No. 12-03-03, 2003-Ohio-3719, this Court held that a court reporter's certification of correctness was not required to be in the form of an affidavit. In that case, the court reporter certified that she had personally reduced the proceedings in shorthand and then transcribed the shorthand. Id. at ¶ 5. However, we have refused to consider a transcript that was not certified as correct.Defiance v. Petrovish (1988), 61 Ohio App.3d 32, 35, 572 N.E.2d 139. The Ninth District Court of Appeals has also *Page 23 
refused to consider a transcript that did not contain a certification of correctness. In re Guardianship of Fraser, 9th Dist. No. 03CA0021-M, 2003-Ohio-6808, at ¶ 8.
 {¶ 35} The "certification" in this case clearly states that the court reporter[3] was unable to certify the correctness of the transcript. Such indication is contrary to App.R. 9(B) and not a trivial or inconsequential oversight, especially since Defendants ask us to review the transcript and determine there was no evidence to support the trial court's award of damages to Flatt. Therefore, we strike the transcript of the hearing held on October 24, 2006. The burden to provide the record and transcripts to this Court lies with the appellant. App.R. 9(A); (B). Having for review no transcript of the damages hearing, we must presume regularity in the trial court's judgment. Lawless v.Kinsey (Sept. 8, 1997), 3d Dist. No. 6-97-11, citing Chaney v. East
(1994), 97 Ohio App.3d 431, 435, 646 N.E.2d 1138. ("Absent . . . an adequate record, a reviewing court must presume regularity of the proceedings and affirm the judgment of the trial court."). The fourth assignment of error is overruled. *Page 24 
 {¶ 36} The judgment of the Crawford County Common Pleas Court is affirmed.
Judgment affirmed.
 ROGERS, P.J., and PRESTON, J., concur. r
[1] Defendants allocated the first and second assignments of error as "Assignment of Error IA" and "Assignment of Error IB." This court does not recognize "sub-assignments of error," and therefore, we have renumbered Defendants' assignments of error as reflected above.
[2] We note that Flatt failed to support her first "preliminary" argument with any statutes or case law as well.
[3] We note that the court reporter was from a private company located in Columbus, Ohio and was not an official court reporter. Although App.R. 9 allows for digital, audio, and video recordings to meet the demands of today's tighter budgets and technological advances, the court is required to appoint a reporter to transcribe the proceedings. Neither party has questioned the appointment of Mr. Burgard or the private company as the reporter in this case, and although we note it, we do not elect to address the issue of appointments. *Page 1