DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the September 4, 2007 judgment of the Toledo Municipal Court which, following remand from this court, ordered defendant-appellant, Sally A. Perz, to pay $2,025, the costs of prosecution of appellant's case. For the reasons that follow, we reverse.
 {¶ 2} The facts of this case are more fully set forth in State v.Perz, 173 Ohio App.3d 99, 2007-Ohio-3962, and will be referred to only as needed. On June 28, 2006, appellant, then a public official, entered a no contest plea to failing to disclose the source *Page 2 
of a gift in excess of $75, R.C. 102.02(D), a first degree misdemeanor. Appellant was found guilty; the trial court imposed a $1,000 fine plus court costs and the "the cost of the investigation and prosecution of this matter."
 {¶ 3} On October 5, 2006, the trial court entered a second judgment entry which stated: "The total costs conservatively calculated and incurred in the investigation and prosecution of the four defendants was $16,498.77. Accordingly, this defendant is responsible for $4,125.00."
 {¶ 4} On October 19, 2006, appellant filed a motion to vacate the portion of the judgment ordering restitution; the motion was denied. Appellant then filed an appeal with this court. In State v. Perz, supra, we held that the trial court abused its discretion when it ordered appellant to pay the costs of the Ohio Ethics Commission's investigation. Id. at ¶ 33. Regarding the costs of prosecution we found that the court, pursuant to R.C. 2747.23, was required to order appellant to pay such costs. However, because the trial record contained no documentation of the actual costs of prosecution, we remanded the matter for a determination as to "what expenses were directly related to the cost of prosecuting this case against appellant." Id. at ¶ 42.
 {¶ 5} On remand, the trial court conducted a hearing on the prosecution costs. Special prosecutor Lynn Grimshaw testified that "my time allotted to the prosecution of this particular case involving Ms. Perz would come to $2,025." Appellant's counsel argued that R.C. 2743.23 does not provide for the payment of fees "which preceded the *Page 3 
actual prosecution" in the case. The trial court then ordered appellant to pay $2,025 as the costs of prosecution. This appeal followed.
 {¶ 6} Appellant now raises the following three assignments of error for our consideration:
 {¶ 7} "First Assignment of Error
 {¶ 8} "ORC 2947.23 does not include fees of the Prosecutor as a cost of prosecution to be charged against the Defendant.
 {¶ 9} "Second Assignment of Error
 {¶ 10} "Under the provisions of ORC 1901.34(B), a county prosecutor bringing a state proceeding in a municipal court may not receive additional compensation.
 {¶ 11} "Third Assignment of Error
 {¶ 12} "The Order of the Lucas County Common Pleas Court directing payment to Prosecutor Grimshaw, was not disclosed to the trial court and conflicts with the statements made by Prosecutor Grimshaw to support his claim for fees of prosecutor being assessed as costs of prosecution."
 {¶ 13} In appellant's first assignment of error she argues that the trial court exceeded its authority by including the fees of the special prosecutor in the costs of prosecution. Specifically, appellant contends that there is no statutory authority providing that a special prosecutor's fees may be charged to the defendant. R.C. 2941.63, which governs the appointment of a special prosecutor, provides: "The court of common pleas, or the court of appeals, whenever it is of the opinion that the public interest *Page 4 
requires it, may appoint an attorney to assist the prosecuting attorney in the trial of a case pending in such court. The board of county commissioners shall pay said assistant to the prosecuting attorney such compensation for his services as the court approves."
 {¶ 14} Generally, with regard to costs in a criminal matter, R.C.2947.23(A)(1) states that "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Ohio courts have consistently held that the power to impose court costs must be statutorily granted. Centennial Ins. Co. v. LibertyMut. Ins. Co. (1982), 69 Ohio St.2d 50, 51. In Ohio, there are several statutes which authorize courts, in civil and criminal proceedings, to impose charges and fees in specific circumstances. See 2007 Ohio Atty.Gen.Ops. No. 2007-030 (setting forth an extensive list of statutes authorizing various court costs including, inter alia, costs of transcripts, fees of the clerk of courts, compensation of appraisers and arbitrators, fees of magistrates and their officers, witness fees, jury fees, and interpreter's fees.) See, generally, 29C Ohio Jurisprudence 3d (2000), Criminal Law, Sections 3967-4001.
 {¶ 15} The Seventh Appellate District addressed a similar issue inState v. Sales (Aug. 6, 1985), 7th Dist. No. 504. In Sales, the Carroll County prosecutor requested that a special prosecutor be assigned to the case; the prosecutor's $5,230.37 fee was assessed as court costs. Affirming the decision, the court found that the trial court could have reasonably concluded that the "costs of prosecution" provision in R.C.2947.23 includes special prosecutor fees because the special prosecutor is paid from the same funds as *Page 5 
witness and juror fees. Id. Upon review, we decline to follow theSales majority's holding; rather, we agree with the dissent's reasoning which provides:
 {¶ 16} "At common law, costs were not recoverable in criminal prosecutions. Since the recovery of costs in any criminal case depends wholly upon statutory provisions therefor, there should be strict adherence to the provisions of the appropriate statutes. The Revised Code contains a number of specific provisions which set out the items of costs and the amounts taxable as costs in criminal proceedings. Amongst these many statutes and the many provisions of these statutes, the legislature has not seen fit to specify the salary of the prosecutor as a pertinent cost. By the same token, the legislature has not seen fit to specifically provide that the costs of a special prosecutor may be considered as an item of costs and taxable as such in a criminal proceeding. If the salary of the prosecutor is not recoverable as a cost, it does not appear to be reasonable to assume nor to rule that the costs of employing a surrogate should be considered as a cost and taxable as such."
 {¶ 17} In Defiance v. Petrovish (1988), 61 Ohio App.3d 32, the Third Appellate District held that a municipal court could not include as costs the compensation paid to a visiting judge. The court reasoned that there was no statutory authority for assessing such costs and that "the inclusion of the compensation for the trier of facts in court costs is * * * contrary to the law and the public policy of this state." Id. at 34.
 {¶ 18} Upon review of the applicable statutory and case law, we find that the trial court erred when it imposed the costs of the special prosecutor because Ohio does not *Page 6 
have a specific statute authorizing the payment of such costs. We further note that, unlike reimbursement of an appointed defense attorney's fees (which is provided for by statute), ordering a defendant to pay the costs of the prosecuting attorney is a novel concept in Ohio. Appellant's first assignment of error is well-taken.
 {¶ 19} In her second assignment of error, appellant contends that, under R.C. 1901.34(B), a county prosecutor, bringing a state proceeding in a municipal court, may not receive additional compensation. R.C.1901.34(B) provides, in part:
 {¶ 20} "The prosecuting attorney of any county given the duty of prosecuting in municipal court violations of state law [Lucas county is not included] shall receive no additional compensation for assuming these additional duties, except that the prosecuting attorney of Hamilton, Portage, and Wayne counties shall receive compensation at the rate of four thousand eight hundred dollars per year, and the prosecuting attorney of Auglaize county shall receive compensation at the rate of one thousand eight hundred dollars per year, each payable from the county treasury of the respective counties in semimonthly installments."
 {¶ 21} Upon review, we find that this section is inapplicable to the case at bar. R.C. 1901.34 provides that in certain counties, county prosecutors are obligated to prosecute in municipal court without additional compensation. In the present case, a special prosecutor (from Scioto county) was appointed pursuant to R.C. 2941.63. Accordingly, appellant's second assignment of error is not well-taken. *Page 7 
 {¶ 22} In appellant's third assignment of error she contends that the order of the Lucas County Court of Common Pleas directing payment to the special prosecutor by the Lucas County Board of Commissioners, conflicts with the special prosecutor's statements at the September 4, 2007 hearing. Based on our disposition of appellant's first assignment of error, we find that appellant's third assignment of error is moot.
 {¶ 23} On consideration whereof, we find that appellant was prejudiced and prevented from having a fair proceeding and the judgment of the Toledo Municipal Court is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1