OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, and the parties' briefs. Appellant, Rev. Robert S. Kuzniak Sr., appeals the decision of the Mahoning County Court of Common Pleas that granted summary judgment in favor of Appellee Pinnacle Credit Services in an action on a credit card account. On appeal, Kuzniak, appearing pro-se, argues that the trial court erred by granting summary judgment and violated his due process rights.
 {¶ 2} Upon review of the record, Kuzniak's arguments are meritless. The trial court was correct in granting summary judgment in favor of Pinnacle. Pinnacle met its initial burden by informing the trial court of the basis for its motion, and identifying parts of the record demonstrating the absence of a genuine issue of material fact. However, Kuzniak failed to meet his reciprocal burden: his brief in opposition did not include any affidavits or other evidence demonstrating a genuine issue of material fact. Further, the trial court did not err by granting summary judgment prior to the close of discovery, because Kuzniak failed to seek relief under Civ. R. 56(F). Moreover, Kuzniak cannot show that the trial court violated his due process rights. Contrary to his assertions, Kuzniak was not entitled to special treatment based on his status as a pro se litigant, and any failure of the trial court to follow its local rules was harmless error. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 3} On August 20, 2007, Pinnacle filed a complaint against Kuzniak in the Mahoning County Court of Common Pleas. In the complaint, Pinnacle alleged it is the assignee of Kuzniak's Bank First credit card account, and that Kuzniak had breached his agreement with Bank First by failing to make payments on the account as required. Pinnacle demanded judgment for $1,847.57, the amount allegedly owed on the debt, plus interest in the amount of 8% from April 3, 2003. Pinnacle attached a "charge-off statement," to its complaint, which showed the amount due on the debt. Kuzniak was properly served. On December 26, 2007, Kuzniak filed his answer, after being granted leave to plead.
 {¶ 4} The case then proceeded to discovery. On January 8, 2008, Pinnacle *Page 2 
served Kuzniak with a set of interrogatories, request for production of documents and request for admissions. On February 27, 2008, Kuzniak filed a notice that he had complied with Pinnacle's discovery requests. However, Kuzniak's answers to the interrogatories were generally non-responsive, and he did not produce any documents; instead stating that he did not have any information about the Bank First account. Kuzniak denied each of Pinnacle's requests for admissions, except that he stated it was "uknown at this time" whether he intended to present any documentary evidence as part of his defense. Kuzniak also served Pinnacle with his own request for production of documents.
 {¶ 5} On February 27, 2008, Pinnacle moved the trial court for leave to file a summary judgment motion, which the trial court granted. In its motion, Pinnacle argued that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. In support thereof, Pinnacle attached an affidavit of Pinnacle employee Jessica Nelson.
 {¶ 6} In response, Kuzniak filed a brief in opposition, in which he argued summary judgment would be premature because discovery had not yet been completed. In addition, Kuzniak moved the trial court to "take judicial notice of the fact that Plaintiff's representation is an attorney, he has the training and education necessary to comply with all the rules and procedures of the United States Justice System, and has tried to circumvent those rules and procedures in order to gain a tactical advantage over Defendant, who is not an attorney and represents himself." Kuzniak failed to attach any affidavits or supporting evidence to his brief in opposition.
 {¶ 7} On March 17, 2008, Pinnacle filed a motion to strike Kuzniak's brief in opposition because Kuzniak had failed to attach any supporting evidence to his response, as required by Civ. R. 56(E). Pinnacle moved the trial court to strike Kuzniak's response pursuant to Civ. R. 12(F), and grant Pinnacle's motion for summary judgment.
 {¶ 8} That same day, Pinnacle moved the trial court for a sixty-day extension of time to respond to Kuzniak's February 28, 2008 request for production of documents. For cause, Pinnacle stated that it was in the process of obtaining the requested documents, *Page 3 
but that "due to the complex nature of this litigation and the fact that Plaintiff is not the original creditor, the documentation [would] not be available for at least sixty (60) days." On March 26, 2008, the trial court granted the sixty-day extension.
 {¶ 9} On April 7, 2008, the trial court granted summary judgment in favor of Pinnacle. The court found: "upon examination of the records, that there appears to be no genuine issue of material fact." Accordingly, the court entered judgment against Kuzniak for the amount requested by Pinnacle: $1,847.57, plus interest at the rate of 8% from April 3, 2003, along with the costs of the action.
 {¶ 10} The trial court did not serve notice of its entry granting summary judgment until May 8, 2008. Kuzniak filed his notice of appeal with this court on June 4, 2008. Subsequently, Kuzniak filed his Appellant's brief, to which Pinnacle responded. Within its response brief, Pinnacle incorporated a motion to dismiss or strike Kuzniak's brief for failure to cite any legal authority. Kuzniak replied.
 {¶ 11} On October 30, 2008, we overruled Pinnacle's motion to dismiss or strike Kuzniak's brief. Specifically, we ruled: "A review of the pro-se brief filed by appellant shows that it is formatted in compliance with App. R. 16. The substance of the brief goes to the merits of this appeal and is a separate matter for determination by this Court."
 Summary Judgment {¶ 12} In his sole assignment of error, Kuzniak argues:
 {¶ 13} "The trial court erred as a mater of (sic) law when it ruled in favor of plaintiff-apellee's (sic) summary judgment motion and denied defendant-appellant his due process rights."
 {¶ 14} This assignment of error is composed of two parts, and we will discuss each in turn. Kuzniak first argues that the trial court error by granting summary judgment in favor of Pinnacle. When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in de novo review. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829, 586 N.E.2d 1121. Under Civ. R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the nonmovant, *Page 4 
reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-0186,738 N.E.2d 1243. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.
 {¶ 15} When moving for summary judgment, a party must produce some facts that suggest a reasonable fact-finder could rule in her favor.Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 386,701 N.E.2d 1023. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."Dresher v. Burt, 75 Ohio St.3d 280, 296, 1996-Ohio-0107, 662 N.E.2d 264. The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ. R. 56(C). Id. The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. Id. at 293.
 {¶ 16} In the present case, summary judgment was proper. Pinnacle met its initial burden by informing the trial court of the basis of its motion, and identifying parts of the record demonstrating the absence of a genuine issue of material fact. Specifically, Pinnacle attached the affidavit of one of its employees, Jessica Nelson. Nelson stated that Pinnacle is the assignee of Kuzniak's Bank First account and that as such it has the complete authority to sue, collect, settle, adjust, compromise and settle that account. Nelson further stated that Pinnacle is the custodian of Kuzniak's account records, which demonstrate that Kuzniak owes $1,847.57 plus interest at the rate of 8% from April 3, 2003. In addition, Nelson averred that neither Bank First, nor Pinnacle had received any payments from Kuzniak on the account.
 {¶ 17} Kuzniak, however, failed to meet his reciprocal burden of specificity under Civ. R. 56(E), which provides:
 {¶ 18} "When a motion for summary judgment is made and supported as provided *Page 5 
in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." See also, Dresher, 75 Ohio St.3d at 293.
 {¶ 19} In this case, Kuzniak failed to attach any affidavits or other evidence in support of his brief in opposition to Pinnacle's motion for summary judgment, which would create a general issue of fact as to, for example, whether he had failed to pay on the account, the amount owed on the account, etc. Therefore, the trial court properly entered judgment in favor of Pinnacle.
 {¶ 20} Nonetheless, Kuzniak argues that since discovery had not yet been completed, it was improper for the trial court to grant summary judgment. However, this argument is meritless. As this court held inKristian v. Youngstown Orthopedic Assoc, Inc., 7th Dist. No. 03MA189,2004-Ohio-7064:
 {¶ 21} "Civ. R. 56 does not mandate that full discovery be completed before a motion for summary judgment may be granted. In fact, Civ. R. 56(B) provides:
 {¶ 22} "`A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.' (Emphasis added.)
 {¶ 23} "If a motion for summary judgment has been filed before the plaintiff has an opportunity to learn the facts of the case sufficient to oppose a motion for summary judgment, Civ. R. 56(F) provides a specific remedy:
 {¶ 24} "`Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasonsstated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to *Page 6 
be had or may make such other order as is just.' (Emphasis added.)" Id. at ¶ 14-17.
 {¶ 25} Importantly, "an appellant who failed to seek relief under Civ. R. 56(F) in the trial court has not preserved his rights thereto for purposes of appeal." Petty v. Mahoning Women's Centre, Inc. (Feb. 15, 1995), 7th Dist. No. 93 C.A. 32, at 3-4, quoting Stegawski v. ClevelandAnesthesia Group, Inc. (1987), 37 Ohio App.3d 78, 523 N.E.2d 902, at paragraph four of the syllabus.
 {¶ 26} In the present case, Kuzniak failed to seek relief under Civ. R. 56(F). He did not file an affidavit alleging he lacked sufficient evidence to oppose Pinnacle's summary judgment motion and requesting that the trial court either delay deciding the motion or refuse to decide it. Instead, he merely stated that discovery had not been completed. Absent such an affidavit as required by Civ. R. 56(F), Kuzniak cannot now complain on appeal that the trial court erred by granting summary judgment prior to the close of discovery. Accordingly, the trial court properly granted summary judgment in favor of Pinnacle.
 Due Process {¶ 27} Kuzniak also argues that the trial court violated his due process rights. First, he argues that, as a pro se litigant, the trial court should have afforded him some sort of heightened due process. Specifically, Kuzniak contends:
 {¶ 28} "The trial court failed to protect the constitutional rights of Defendant-Appellant by moving forward on only the motions of Plaintiff-Appellee, because he is a licensed practicing attorney in the State of Ohio. Defendant-Appellant is a citizen; he cannot afford legal representation, and is forced to defend himself. Using this information, the trial court circumvented the Rules of Civil Procedure in an attempt to deprive Appellant his due process because he is a pro se litigant."
 {¶ 29} This argument is meritless. Courts should not afford litigants special treatment simply because they are proceeding without the benefit of counsel. As this court recently explained in Tuckosh v.Cummings, 7th Dist. No. 07HA9, 2008-Ohio-5819, at ¶ 34:
 {¶ 30} "A party proceeding pro se is held to the same procedural standards as *Page 7 
other litigants that have retained counsel. State ex rel. Fuller v.Mengel, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, at ¶ 10. Although a court may, in practice, grant a certain amount of latitude toward pro se litigants, the court cannot simply disregard the Rules of Civil Procedure in order to accommodate a party who fails to obtain counsel. Robb v. Smallwood, 165 Ohio App.3d 385, 2005-Ohio-5863,846 N.E.2d 878, at ¶ 5."
 {¶ 31} The rationale for this policy is that if the court treats pro se litigants differently, "the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel." Karnofel v. Kmart Corp., 11th Dist. No. 2007-T-0036, 2007-T-0064, 2007-Ohio-6939, at ¶ 27 (internal citations omitted).
 {¶ 32} Thus, Kuzniak's argument that the court deprived him of his due process rights because of his pro se status is meritless. The record reveals that the trial court held Kuzniak to the same standards, and properly afforded him the same process as any other litigant. Kuzniak was given notice of all proceedings and played an active role in the litigation.
 {¶ 33} Kuzniak also takes issue with the trial court's failure to follow some of its own local rules. Specifically he asserts that the court did not: (1) hold a preliminary conference within four months after the complaint was filed, pursuant to Loc. R. 2 of the Mahoning County Court of Common Pleas; and (2) docket the March 24, 2008 pre-trial hearing.
 {¶ 34} Although it appears from the record that Kuzniak is correct with respect to these specific allegations, he fails to explain how the trial court's inactions prejudiced him in any way. Pursuant to Civ. R. 61, a trial court's failure to follow its own local rules is harmless error where it does not affect a substantial right of one of the parties. Flatt v. Atwood Manor Nursing Ctr, 3d Dist. No. 3-06-26,2007-Ohio-5387, at ¶ 16. In this case, Kuzniak does not explain how a substantial right of his was affected. Accordingly, Kuzniak's due process argument is meritless. *Page 8 
 Conclusion {¶ 35} All of Kuzniak's arguments on appeal are meritless. The trial court was correct in granting summary judgment in favor of Pinnacle. Pinnacle met its initial burden by informing the trial court of the basis for its motion, and identifying parts of the record demonstrating the absence of a genuine issue of material fact. However, Kuzniak failed to meet his reciprocal burden: his brief in opposition did not include any affidavits or other evidence demonstrating a genuine issue of material fact. Further, the court did not err by granting summary judgment prior to the close of discovery, because Kuzniak failed to seek relief under Civ. R. 56(F). Moreover, Kuzniak cannot show that the trial court violated his due process rights. Contrary to his assertions, Kuzniak was not entitled to special treatment based on his status as a pro se litigant, and any failure of the trial court to follow its local rules was harmless error. Accordingly, the judgment of the trial court is affirmed.
Vukovich, P.J., concurs.
Waite, J., concurs. *Page 1