[Cite as *Bank of Am., N.A. v. Smith*, 2020-Ohio-2797.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| BANK OF AMERICA, N.A. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 19 CA 00117 |
| LUANN L. SMITH | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Case No. 19 CV 00166


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    May 4, 2020


APPEARANCES:

For Plaintiff-Appellee

YALE R. LEVY
KATHLEEN M. SMITH
LEVY & ASSOCIATES, LLC
4645 Executive Drive
Columbus, Ohio 43220

For Defendant-Appellant

LUANN L. SMITH
PRO SE
1720 Laura Lane
Reynoldsburg, Ohio 43068

*Wise, J.*

{¶1}   This matter is before the Court upon an appeal filed by Appellant Luann L. Smith from the Licking County Court of Common Pleas. Ms. Smith challenges the trial court's Judgment Entry that granted Appellee Bank of America, N.A.'s ("BOA") Motion for Summary Judgment on October 16, 2019.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

{¶2}   BOA commenced this action against Ms. Smith to recover money alleged to be due on an account in the amount of $28,351.05. Ms. Smith breached the account's agreement by failing to make required payments. BOA initially filed this action in the Franklin County Court of Common Pleas on July 30, 2018. However, BOA was unable to perfect service on Ms. Smith and subsequently learned that she resided in Licking County. On February 12, 2019, BOA moved to transfer the case to Licking County.

{¶3}   Thereafter, BOA successfully served Ms. Smith with a copy of the Summons and Complaint. Ms. Smith filed an Answer on April 18, 2019, denying all allegations set forth in the Complaint. BOA moved for leave to file a Motion for Summary Judgment and a Motion for Summary Judgment on June 11, 2019. Ms. Smith responded by filing a "Complaint for Declaratory and Injunctive Relief; Response to Motion for Summary Judgment[.]" In a Judgment Entry issued on October 16, 2019, the trial court struck Ms. Smith's "Complaint for Declaratory and Injunctive Relief; Response to Motion for Summary Judgment" because:

> [D]efendant is a defendant, not a plaintiff, filing a complaint, it is
> outside of the timeframe in which the defendant would file a counterclaim or
> a crossclaim and is filing in the existing action. Further, the defendant seeks

to respond to the summary judgment motion by creating a genuine dispute between the parties by virtue of this declaratory and injunctive relief complaint and the essence of the complaint appears to be that a sham document of sorts promising payment in the future has been sent to plaintiff.

Accordingly, the Court finds the Response to Motion for Summary Judgment filed October 9, 2019, shall be stricken.

**{¶4}** (Judgment Entry, Oct. 16, 2019, at 3)

**{¶5}** Via a separate Entry also issued on October 16, 2019, the trial court granted BOA's summary judgment motion.

**{¶6}** Ms. Smith timely filed her Notice of Appeal. She did not set forth an assignment of error as required by App.R. 16(A)(3), but presents an "Issue on Appeal" for our consideration.

## ASSIGNMENT OF ERROR

**{¶7}** "I.  THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT AGAINST APPELANT WITHOUT REVIEWING THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE APPELLANT AND WITHOUT VIEWING THE EVIDENCE MOST FAVORABLE TO THE PARTY AGAINST WHOM THE JUDGMENT WAS GRANTED AND GIVING THAT PARTY THE BENEFIT OF ALL REASONABLE INFERENCES DEDUCIBLE FROM THE EVIDENCE."

## ANALYSIS

### A.  Standard of review

**{¶8}** With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v.*

*Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶9}** The party seeking summary judgment bears the burden of demonstrating no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996), the Ohio Supreme Court set forth the applicable summary judgment standard:

[A] party seeking summary judgment, on the grounds that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's

claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(C) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

**{¶10}** (Emphasis sic.)

**{¶11}** Finally, the record on summary judgment must be viewed in the light most favorable to the party opposing the motion. (Citation omitted.) *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

**{¶12}** Applying this standard, we will address Ms. Smith's sole assignment of error.

### B. Trial court's granting of summary judgment

**{¶13}** Ms. Smith only presents a one-paragraph argument in her "Initial Brief[.]" Her Reply Brief is titled, "Initial Brief of Appellant Luann L. Smith and Response to Appellee Bank of America's Brief[,]" which contains the identical statement of the facts, standard of review, issue on appeal, legal argument and discussions, and conclusion as found in her "Initial Brief[.]" Having reviewed these briefs, we believe Ms. Smith is challenging the trial court's decision on two grounds. First, the trial court "failed to meet the standard of review for entry of summary judgment" by "fail[ing] to view the evidence in the light most favorable to Appellant and fail[ing] to give the benefit of all reasonable inferences deducible from the evidence to Appellant." (Smith's "Initial Brief" at 2-3) Second, Ms. Smith claims the trial court should have issued findings of fact and

conclusions of law under Civ.R. 52 when it issued its summary judgment decision. (*Id.* at 3)

{¶14} With regard to Ms. Smith's claim that the trial court failed to view the evidence in the light most favorable to her and failed to give her the benefit of all reasonable inferences, we find Ms. Smith overlooks the fact that she did not properly respond to BOA's summary judgment motion thereby demonstrating a genuine issue for trial. That is, she could not merely rely on the fact that the trial court must view the record in the light most favorable to the party opposing summary judgment. She had to produce Civ.R. 56(C) evidence demonstrating a genuine issue remained for trial.

{¶15} Here, BOA specifically pointed to some evidence attached to its summary judgment motion that demonstrated Ms. Smith had no evidence to support her claims. This evidence included the affidavit of Ryan D. Robinson. In his affidavit, Mr. Robinson stated he is a "Custodian of Records, authorized Officer, and employee of Plaintiff Bank of America, N.A. ("BANA")." (Robinson Affidavit at ¶ 1) Mr. Robinson explained he is "familiar with the manner and method by which Plaintiff maintains its normal business books and records, including computer records of defaulted accounts." (*Id.*) Mr. Robinson also confirmed that the "contents of [the] Affidavit are true and accurate based upon [his] personal knowledge of the processes by which Plaintiff maintains its business books and records." (*Id.* at ¶ 3)

{¶16} Mr. Robinson's affidavit also further provides:

4. The books and records of Plaintiff show that the Defendant opened account with BANA, or a predecessor in interest, for the purpose of obtaining an extension of credit (the "Account") and did thereafter use or

authorize the use of the Account for the acquisition of goods, services, or cash advances in accordance with the customer agreement ("Agreement") governing use of the Account. Further, the Defendant has failed to make periodic payments as required by the Agreement.

5. The books and records of Plaintiff show that the Account charged-off in the ordinary course of business on **12/30/2017**.

6. The books and records of Plaintiff show that credit has been given to the Defendant for all just and lawful offsets, payments, and credits as of the date hereof, and there now remains due and owing on account number **XXXXXXXXXXX2188** the just and true sum of **$28351.05** as of the date of this Affidavit.

**{¶17}** (Emphasis sic.)

**{¶18}** Once BOA satisfied its initial burden by setting forth Civ.R. 56(C) evidence in the form of Mr. Robinson's affidavit and various account documents, the burden shifted to Ms. Smith to set forth evidence showing a genuine issue of material fact existed for trial. However, in response to BOA's summary judgment motion, Ms. Smith filed a "Complaint for Declaratory and Injunctive Relief, Response to Motion for Summary Judgment[.]" As noted above, the trial court struck this document and Ms. Smith does not challenge on appeal the trial court's decision to strike it. Once the trial court struck this document, Ms. Smith had no evidence before the trial court to meet her burden to show a genuine issue of material fact existed for trial. Therefore, we conclude the trial court properly granted BOA's summary judgment motion. *See Pinnacle Credit Servs. LLC v. Kuzniak*, 7th Dist. Mahoning No. 08-MA-111, 2009-Ohio-1021, ¶ 2, where the court found

no error in granting summary judgment on a claim where defendant failed to provide any evidence to create a genuine issue of fact.

**{¶19}** With regard to her second issue, Ms. Smith claims the trial court should have issued findings of fact and conclusions of law along with its summary judgment decision. We disagree. This Court held in *Burdette v. Stevens*, 5th Dist. Perry No. 06 CA 22, 2007-Ohio-4604, ¶ 11 that:

> [A] review of the record reveals no such request for findings of fact and conclusions of law on the part of appellants. Moreover, Civ.R. 52 provides that "[f]indings of fact and conclusions of law required by this rule and Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56." This language makes it clear that findings of fact and conclusions of law are not necessary when a trial court rules on a party's motion for summary judgment. As such, the trial court did not err when it did not set forth findings of fact and conclusions of law.

**{¶20}** Likewise, here, Ms. Smith never asked the trial court to prepare findings of facts and conclusions of law with regard to its summary judgment decision and therefore, waived this argument for purposes of appeal. "It is well-settled law in Ohio that appellate courts will not consider as error issues that are raised for the first time on appeal" *Deutsche Bank Natl. Trust Co. v. Hill*, 5th Dist. Perry No. 14 CA 00021, 2015-Ohio-1575, ¶ 23. Further, even if Ms. Smith had requested findings of fact and conclusions of law, at the trial court level, the trial court was not required to comply per Civ.R. 52.

{¶21} Ms. Smith's sole assignment of error is overruled.

{¶22} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 0430