[Cite as *State v. Gawron*, 2024-Ohio-4998.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN GAWRON,III,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 BE 0013**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 18 CR 232

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

John Gawron, III, *Pro se*, Defendant-Appellant.

Dated: October 10, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, John Gawron, III, appeals from a Belmont County Common Pleas Court judgment denying his postconviction petition. Because Appellant's petition was untimely, the trial court was correct in finding that it did not have jurisdiction to consider the merits. The trial court's judgment is therefore affirmed.

{¶2} In 2020, following a jury trial, Appellant was convicted of one count of pandering sexually-oriented matter involving a minor, one count of rape of a minor under 13 years of age, and ten counts of illegal use of a minor in nudity-oriented material. The trial court sentenced Appellant to consecutive prison terms resulting in an aggregate term of 43 years to life.

{¶3} Appellant appealed, raising 11 assignments of error. This Court affirmed his convictions on September 24, 2021. *State v. Gawron*, 2021-Ohio-3634 (7th Dist.).

{¶4} Two-and-a-half years after the resolution of his appeal, Appellant, now acting pro se, filed a Petition to Vacate and/or Set Aside Sentence asking the trial court to vacate his conviction and sentence on the rape count. Appellant asserted his trial counsel was ineffective for failing to move for a separate trial for the rape count and for failing to file a motion to suppress a video showing the victim climbing onto his lap and purportedly performing oral sex on Appellant, although no actual sexual contact is depicted.

{¶5} Plaintiff-Appellee, the State of Ohio, filed a response asking the trial court to dismiss Appellant's petition for untimeliness and because it was barred by the doctrine of res judicata.

{¶6} The trial court found it did not have jurisdiction to consider the merits of Appellant's petition because it was time-barred. It further found that Appellant did not meet an exception to the filing deadline.

{¶7} Appellant filed a timely notice of appeal on May 9, 2024. Still proceeding pro se, Appellant now raises two assignments of error.

{¶8} Appellant's first assignment of error states:

THE TRIAL COURT ERRED AND ABUSED ITS' [sic] DISCRETION BY DISMISSING THE PETITION IN THIS CASE WHERE FEDERAL LAW

Case No. 24 BE 0013

REQUIRES OVERLOOKING THE PERCEIVED UNTIMELINESS, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAWS GUARANTEED BY THE STATE AND FEDERAL CONSTITUTIONS.

**{¶9}** Appellant first argues that while his petition was untimely, this untimeliness should be excused because he is acting pro se. He compares his case to cases involving federal habeas corpus. Additionally, he claims the trial court's judgment failed to address "the controlling law of the land."

**{¶10}** Appellant next points out that he asserted in his petition that he is innocent and "actual innocence" has been held to overcome any procedural defect.

**{¶11}** Generally, an appellate court reviews a trial court's decision granting or denying a postconviction petition for an abuse of discretion. *State v. Gondor*, 2006-Ohio-6679, ¶ 58. But when the issue on appeal is whether the trial court possessed subject matter jurisdiction to entertain an untimely postconviction petition, an appellate court reviews the matter de novo since it is a question of law. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24.

**{¶12}** A petitioner must file his postconviction petition no later than 365 days after the date on which the trial transcript is filed in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2).

**{¶13}** In this case, the transcript was filed in appellant's direct appeal on September 25, 2020. Appellant did not file his postconviction petition until February 25, 2024. Thus, three and a half years passed from the filing of the transcript in Appellant's direct appeal and the filing of his postconviction petition.

**{¶14}** The requirement that a postconviction petition be filed timely is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition. *State v. Beaver*, 131 Ohio App.3d 458, 461 (11th Dist. 1998) (the trial court should have summarily dismissed the appellant's untimely petition without addressing the merits).

**{¶15}** If a postconviction petition is filed beyond the time limitation or the petition is a second or successive petition for postconviction relief, R.C. 2953.23(A)(1)(a)

Case No. 24 BE 0013

precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

**{¶16}** Unless the petitioner makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for postconviction relief. *State v. Carter*, 2003-Ohio-4838, ¶ 13 (2d Dist.) citing, *State v. Beuke*, 130 Ohio App.3d 633 (1st Dist. 1998).

**{¶17}** Appellant's petition was clearly untimely. Thus, the trial court was without jurisdiction to entertain it unless Appellant demonstrated one of the two alternatives set out in R.C. 2953.23(A)(1)(a), which he did not.

**{¶18}** As to Appellant's argument that he is proceeding pro se and, therefore, his untimeliness should be excused, his argument has no legal support. "Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *Meyers v. First Nat. Bank of Cincinnati*, 3 Ohio App.3d 209, 210 (1st Dist. 1981) citing *Dawson v. Pauline Homes, Inc.*, 107 Ohio App. 90 (10th Dist. 1958); *See also Pinnacle Credit Servs., LLC v. Kuzniak*, 2009-Ohio-1021, ¶ 30 (7th Dist.), citing *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10.

**{¶19}** As to Appellant's argument that his claim of actual innocence excuses his late filing, this Court has previously rejected this argument.

**{¶20}** In *State v. Walker*, 2001-Ohio-3303 (7th Dist.), the appellant, citing the same United States Supreme Court case as Appellant cites here, argued his claim of actual innocence excused the untimely filing of his postconviction petition. Analyzing the issue, we found:

> Appellant cites *Bousley v. United States* (1998), 523 U.S. 614 and claims that the time limits and apparently the threshold requirements for postconviction relief petitions do not apply to defendants who claim that they

are "actually innocent." . . . [A]s can be gleaned from the above review of the postconviction relief statutes, there are certain requirements for filing an untimely petition and an allegation of actual innocence is not one of them. Furthermore, as the state posits, appellant's citation to *Bousley* is misplaced. That case dealt with the standard for reviewing a federal habeas claim where the offender procedurally defaulted his state claims and there is a reasonable probability that the offender is actually innocent. *Bousley* does not concern the review conducted by state courts. See *Edwards v. Carpenter* (2000), 529 U.S. 446 (an appeal from the Ohio court system). Therefore, appellant's argument, that those who claim they are actually innocent need not timely file postconviction relief petitions, is overruled.

*Id.* Thus, Appellant's claim of actual innocence here does not extend the deadline for filing his postconviction petition.

{¶21} In sum, the trial court was without jurisdiction to entertain Appellant's untimely postconviction petition.

{¶22} Accordingly, Appellant's first assignment of error is without merit and is overruled.

{¶23} Appellant's second assignment of error states:

THE TRIAL COURT ERRED AND ABUSED ITS' [sic] DISCRETION BY FAILING TO GRANT RELIEF ON THE GROUNDS FOR RELIEF THAT ESTABLISH THAT COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE WITHIN THE MEANING OF THE SIXTH AND THE FOURTEENTH AMENDMENTS, DEPRIVING APPELLANT OF DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW.

{¶24} Here, Appellant contends the trial court should have considered his argument that his trial counsel was ineffective for failing to file a motion to suppress and for failing to move to have the rape charge severed from the other charges for trial.

{¶25} Given our resolution of Appellant's first assignment of error, this assignment of error is moot. However, were we to consider the assignment of error, the result would be the same.

**{¶26}** Pursuant to the doctrine of res judicata, "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). "Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for post-conviction relief." *State v. Cole*, 2 Ohio St.3d 112 (1982), at the syllabus.

**{¶27}** In this case, Appellant was represented by new counsel on his direct appeal. And the arguments he now raises, that trial counsel was ineffective for failing to move to have the rape charge severed from the other charges and for failing to file a motion to suppress, could have been raised in his direct appeal. Thus, this argument is barred by res judicata.

**{¶28}** Accordingly, Appellant's second assignment of error is without merit and is overruled.

**{¶29}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Dickey, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**